J-S26039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARGENIS LOPEZ | : | |
| | : | |
| Appellant | : | No. 273 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 27, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003984-2015

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: NOVEMBER 19, 2021**

Argenis Lopez ("Lopez") appeals from the judgment of sentence imposed following the revocation of his probation.  Additionally, Lopez's counsel, Robert M. Buttner, Esquire ("Attorney Buttner"), has filed an Application to Withdraw as Counsel, and a Brief pursuant to ***Anders v. California***, 368 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant Attorney Buttner's Application to Withdraw, and affirm Lopez's judgment of sentence.

On September 19, 2015, Lopez, operating a black Pontiac, was stopped by police for traffic violations.  During the stop, police discovered numerous stolen items including a Ruger 77/17 rifle, inside of the vehicle.  Lopez was

arrested and charged with, *inter alia*, persons not to possess firearms and receiving stolen property.[1]

On April 21, 2016, Lopez entered an open guilty plea to the charges of persons not to possess firearms and receiving stolen property. On June 13, 2016, the trial court sentenced Lopez to a period of eighteen to thirty-six months in prison for his conviction of persons not to possess firearms. For his conviction of receiving stolen property, the trial court sentenced Lopez to a consecutive period of twenty-four months of probation. Additionally, Lopez was ordered to pay fines, restitution, fees, and costs.

On June 13, 2019, Lopez was released from prison[2] after serving the maximum sentence on his conviction of persons not to possess firearms. Upon his release, Lopez did not report to the Luzerne County Adult Probation Unit ("Probation Department") to begin his probationary period.

On December 21, 2020, the Probation Department filed a Petition to revoke Lopez's probation, asserting that Lopez had committed technical violations and had been arrested on new charges. In particular, the Petition

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 3925(a).

[2] Our review of the record reveals that at some point between June 2017 and November 2017, Lopez allegedly signed terms and conditions regarding special probation and parole supervised by the Pennsylvania Board of Probation and Parole. However, despite allegedly signing these documents, which are absent from the record before this Court, Lopez was not released from prison until June 13, 2019, when he reached his maximum date on his persons not to possess firearms convictions.

alleged that Lopez had changed his address without advising the Probation Department, had failed to pay his monthly fines, restitution, program fees, and supervision fees, and had failed to report to the Probation Department after the completion of his prison sentence. Additionally, with regards to the new charges, the Petition asserted that Lopez had incurred another arrest on December 14, 2020, in Kingston, Pennsylvania, and had been charged with, *inter alia*, aggravated assault.[3]

Subsequently, on January 7, 2021, Lopez waived his **Gagnon I**[4] hearing. On January 27, 2021, Lopez appeared before the trial court for his **Gagnon II** hearing and Lopez specifically admitted to the technical violations outlined above. Based upon Lopez's admission, the trial court revoked Lopez's probation. On the same day, the trial court sentenced Lopez to a period of nine to twenty-four months, less one day, in prison, with forty-four days of credit for time served.

On January 29, 2021, Lopez filed a post-sentence Motion to Modify Sentence in which he requested that the trial court modify his sentence due to the increased risk of contracting COVID-19 in prison. On February 22, 2021, the trial court denied Lopez's Motion.

---

[3] 18 Pa.C.S.A. § 2702(a)(1).

[4] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

Attorney Buttner filed a timely Notice of Appeal on Lopez's behalf. Additionally, Attorney Buttner filed a Notice of intent to file an **Anders** brief in lieu of a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Additionally, Attorney Buttner subsequently filed, with this Court, an Application to Withdraw as Counsel and a brief pursuant to **Anders**. Lopez did not file a *pro se* brief, nor did he retain alternate counsel for this appeal.

Before addressing Lopez's issue on appeal, we must determine whether Attorney Buttner has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

- 4 -

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, our review of the *Anders* Brief and the Application to Withdraw reveals that Attorney Buttner has complied with each of the technical requirements of *Anders*/*Santiago*. *See Burwell*, *supra*; *Santiago*, *supra*. Attorney Buttner indicates that he has made a conscientious examination of the record and has determined that an appeal would be frivolous. The record further reflects that Attorney Buttner has furnished a copy of the *Anders* Brief to Lopez, advised Lopez of his right to retain new counsel or proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. Additionally, the *Anders* Brief

- 5 -

complies with the requirements of **Santiago**. As Attorney Buttner has complied with the technical requirements for withdrawing from representation, we will examine the record and make an independent determination of whether Lopez's appeal is, in fact, wholly frivolous.

In the **Anders** Brief, Attorney Buttner presents the following issue for our review: "Whether the trial court abused its discretion when it imposed a sentence of total confinement, following revocation of probation, for an aggregate term of 9 [] to 24 months, less one (1) day, for violating the conditions of his special probation?" **Anders** Brief at 2.

Lopez argues that the trial court abused its discretion when it imposed a sentence of total confinement. **Id.** at 8. Lopez asserts that the trial court's imposition of total confinement was unnecessary to vindicate the authority of the court, because Lopez swiftly admitted to the technical violations, indicated his willingness to abide by all probation conditions, and took responsibility for his violations. **Id.** at 8-9.

Lopez challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (stating that a claim that the trial court erred in imposing a sentence of total confinement upon revocation of probation is a challenge to the discretionary aspects of sentencing). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal.

***Commonwealth v. Yanoff***, 690 A.2d 260, 267 (Pa. Super. 1997); ***see also***

***Commonwealth v. Tuladziecki***, 522 A.2d 17, 18 (Pa. 1987). Prior to

reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation

marks and some citations omitted).

Here, Lopez filed a timely Notice of Appeal and properly included a Rule

2119(f) Statement in his brief. However, Lopez did not object at sentencing

to the trial court's allegedly excessive sentence, nor does his post-sentence

Motion raise this claim. Rather, as noted *supra*, Lopez's post-sentence Motion

solely requested the trial court to "modif[y] his sentence," because of the

increased risk Lopez would have of contracting COVID-19 in prison. ***See***

Motion to Modify Sentence, 1/29/21, at 1-2; ***see also Commonwealth v.***

***Gibbs***, 981 A.2d 274, 282-83 (Pa. Super. 2009) (stating that a challenge to

the discretionary aspects of a sentence is waived where the appellant failed

to preserve such challenge at sentencing or in a post-sentence motion).

Accordingly, Lopez has not invoked this Court's jurisdiction, and his

discretionary sentencing claim is not preserved for our review. ***See id.***; ***see***

***also Moury***, ***supra***.

Nevertheless, we review the merits of Lopez's claim as part of our independent review of the record. ***See Dempster***, ***supra***. Our standard of review for a trial court's revocation of probation is as follows:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014).

> The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants[,] and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.
>
> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of

- 8 -

the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (some citations and quotation marks omitted).

Upon revocation of probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentence, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." *Id.* § 9771(c).

Moreover, "[i]n every case in which the court … resentences an offender following revocation of probation, … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* § 9721(b); *see also* Pa.R.Crim.P. 708(D)(2) (providing that "[t]he judge shall state on the record the reasons for the sentence imposed."). However, following a revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. *See Pasture*, 107 A.3d at 28 (stating that "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation

- 9 -

sentence need not be as elaborate as that which is required at initial sentencing.").

Instantly, at sentencing, the trial court reviewed Lopez's history of non-compliance with his probation conditions and Lopez's admission to the technical violations. *See* N.T. (*Gagnon II* and Sentencing), 1/27/21, at 1-7. Ultimately, the trial court concluded that Lopez was not amenable to supervision due to his failure to report to the Probation Department for fifteen months. *See id.* at 7. Based upon that finding, the trial court revoked Lopez's probation, and resentenced him to nine to twenty-four months in prison "to vindicate the authority of the [c]ourt." *Id.*

After reviewing the record, we conclude that the trial court did not abuse its discretion in imposing a sentence of total confinement in order to vindicate its authority. Indeed, as the trial court emphasized at Lopez's *Gagnon II* and Sentencing hearing, Lopez had failed to report to the Probation Department upon his release from prison for approximately fifteen months. *See* N.T. (*Gagnon II* and Sentencing Hearing), 1/27/21, at 1-8. Because we discern no abuse of discretion by the trial court in imposing a sentence of total confinement to vindicate its authority under these circumstances, Lopez's claim lacks merit. *See* 42 Pa.C.S.A. § 9771(c).

Application to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/19/2021</u>